**James E. Stark, trading as Jas. E. Stark & Co., Defendant in Error, v. Boynton & Company, Plaintiff in Error.**

**Gen. No. 18,053.**

1.  TROVER AND CONVERSION—*nonacceptance of goods.* Plaintiff contracted to sell a car of red oak to a commission firm, which turned the car over to defendant. The latter, as well as the commission firm, refused acceptance because the timber was not up to grade. Plaintiff then offered to take the property back and defendant refused to surrender it on the alleged ground that he had applied the timber on a claim against the commission firm. *Held,* there was no acceptance or passing of title.

2.  TROVER—*nonacceptance of goods.* Where property is delivered under a contract to a party who takes the attitude that he will not accept it because not up to grade, title does not pass and trover lies for its conversion.

Error to the Municipal Court of Chicago; the Hon. MAX EBERHARDT, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed March 25, 1913. Rehearing denied April 8, 1913.

BOYLE, MOTT & HAIGHT, for plaintiff in error.

FRED H. ATWOOD, FRANK B. PEASE and CHARLES O. LOUCKS, for defendant in error; BURRELL J. CRAMER, of counsel.

MR. PRESIDING JUSTICE CLARK delivered the opinion of the court.

Judgment was obtained by plaintiff (defendant in

error) for the value of certain property converted to its own use by the defendant (plaintiff in error), Boynton & Company, a corporation. The plaintiff had contracted with the firm of Gustorf & Company to sell it a "sample" car of "4/4 No. 1 Common Red Oak." The car was received in Chicago and turned over by Gustorf & Company to the defendant corporation, the latter being engaged in the retail business, and Gustorf & Company in the commission and wholesale business. Upon its being unloaded, the defendant claimed that the oak was not up to grade and refused to accept it from Gustorf & Company. After considerable correspondence, a representative of the plaintiff called upon Boynton & Company and also endeavored to arrange an acceptance. Previous to that time Gustorf had written to plaintiff that he would not accept it, and asked for instructions as to what to do with it. The testimony of the representative of plaintiff was to the effect that Boynton told him that it was not what he had bought, and that he wanted it moved away; that he would not take it at any price. The representative claims to have seen the lumber in Boynton & Company's yard at that time.

Before suit was brought a letter was written to the palintiff by attorneys for defendant, to the effect that defendant had taken the lumber to apply upon a claim it had against Gustorf & Company. This was in answer to a letter from the plaintiff to Boynton, the substance of which was that he would take back the property, and asking Boynton & Company not to recognize any other order it might receive for it. Thereafter a replevin suit was brought. There was evidence tending to show that the defendant refused to deliver the property to the bailiff. Upon the hearing of the case, before the court without a jury, there was a finding for the plaintiff in trover. From the judgment entered on such finding this writ of error has been prosecuted.

The contention of the defendant is that title to the

property passed from plaintiff to Gustorf & Company and from Gustorf & Company to the defendant. We think that the preponderance of the testimony is with the plaintiff on this proposition.  We find no proof in the record that there ever was an acceptance of the oak by Boynton & Company from Gustorf & Company, or any acceptance by Gustorf & Company from the plaintiff.  On the other hand, up to the time at least that the letter was written by the defendant's attorneys, the attitude of Boynton & Company was that it had not accepted the lumber and would not accept it.  We do not find in the record either, any proof of any valid claim the defendant had against Gustorf & Company on which it would have the right to retain the lumber, if title thereto had become vested in Gustorf & Company, as in our opinion it had not.  The president of the defendant corporation testified that the lumber was in the yard of defendant and was there at the time demand was made by the bailiff.

There was a dispute as to the value of the property. In the finding and judgment its value was fixed at a less amount than that claimed by the plaintiff.

We find no error in the record, and the judgment is affirmed.

*Affirmed.*